Vera HUKE, Administratrix of the Estate of Robert Huke, Deceased, Plaintiff-Appellant,

v.

ANCILLA DOMINI SISTERS, an Indiana corporation, Defendant-Appellee.

No. 12560.

United States Court of Appeals Seventh Circuit.

May 26, 1959.

Rehearing Denied June 23, 1959.

Dominic P. Sevald, Sevald & Sevald, Rae M. Royce, Hammond, Ind., for appellant.

Jesse W. McAtee, Riley, Reed, Murphy & McAtee, East Chicago, Ind., for defendant-appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.

DUFFY, Chief Judge.

The Ancilla Domini Sisters is an Indiana corporation which for some time past has operated St. Catherine Hospital in East Chicago, Indiana. This hospital serves the general public. Plaintiff's husband, now deceased, was employed at the hospital from May 20, 1948 to January 22, 1954 as a fireman or maintenance man who worked in the hospital heating plant. The complaint alleges that plaintiff's decedent worked overtime and was entitled to recover wages and attorney fees for such alleged overtime work under the Fair Labor Standards Act of 1938 as amended October 26, 1949. 29 U.S.C.A. § 201 et seq.

Under § 7(a) of the Act, overtime compensation must be paid to all employees "engaged in commerce or in the production of goods for commerce." Plaintiff contends her late husband was under the Act because several large industries located in or near East Chicago, Indiana, customarily sent any employee who was injured at their plants to St. Catherine Hospital to obtain hospital treatment. Plaintiff argues that her husband was thus engaged in commerce or in the production of goods for commerce; that his work had such a close and immediate tie with the production of goods for commerce that he was covered by the Act.

Defendant interposed a motion to dismiss the complaint on three grounds: 1) lack of jurisdiction because of want of a federal question; 2) lack of jurisdiction because the activities of plaintiff's decedent had no relation to the production of goods in interstate commerce, and 3) failure to state a claim upon which relief could be granted.

At a pretrial hearing, plaintiff was given leave to file an amendment to the amended complaint, and thereafter did so. At this hearing, defendant filed an affidavit in support of its motion to dismiss, and plaintiff filed a counter-affidavit. These affidavits were accepted by the Court. Thereafter, the District Court notified the parties that the Court was preparing to dispose of the matter as a motion for summary judgment under Rules 12(b) and 56, F.R.Civ.P., 28 U.S. C.A. The parties were given ten days within which to submit all additional material pertinent to such motion. Neither party submitted anything further. Treating the motion as one for summary judgment, the Court entered judgment for the defendant.

The District Court said, "Defendant was not engaged in interstate commerce or in the production of goods for commerce within the meaning and contemplation of the Fair Labor Standards Act. Defendant is an eleemosynary institution dedicated to the healing of men's bodies in one local area of the State of Indiana. Most certainly, the Fair Labor Standard Act is a remedial statute and should be given a liberal interpretation. However, the most strained interpretation that one could possibly impose upon the statute could not bring plaintiff within the meaning of the Act. Congress has deemed it best that local business be left to the protection of the sovereign states of our nation."

Plaintiff claims the action by the District Court in granting a summary judgment was capricious and arbitrary. We disagree. Rule 12(b) of F.R.C.P. provides, in pertinent part: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The motion before the Court did ask for a dismissal for failure of the amended complaint to state a claim upon which relief can be granted, and the Court meticulously followed out the conditions prescribed by Rule 12(b). We find no error in this respect.

We do not think there is any dispute as to the controlling and material facts in this case. In the seven years from 1948 to 1954 there were admitted to St. Cath-

erine Hospital for care and treatment a total of 82,195 patients. Of that number 5,884 were classified as industrial accident cases. There is no dispute that practically all of the industrial accident cases were employees of industrial concerns located at or near East Chicago, Indiana, and that such concerns sold their products in interstate commerce.

On the merits plaintiff relies principally upon Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.[1] In Kirschbaum, the petitioner owned and operated a six-story loft building in Philadelphia. The tenants were mostly manufacturers of men's and boys' clothing engaged in interstate commerce. Petitioner employed in said building an engineer, three firemen and other maintenance men. In Arsenal, petitioner owned and operated a 22-story building in the heart of the New York City clothing manufacturing district. Practically all of the tenants bought and sold ladies' garments in interstate commerce. Two firemen and other maintenance employees were involved.

In Kirschbaum the court pointed out that the scope of the Fair Labor Standards Act was not co-extensive with the limits of the power of Congress over commerce, and in enacting this law that Congress chose not to enter areas which it might have occupied. In that case, however, the court held the maintenance employees in question were covered by the Act. The court said, 316 U.S. at page 524, 62 S.Ct. at page 1120: " * * * Without light and heat and power the tenants could not engage, as they do, in the production of goods for interstate commerce. The maintenance of a safe, habitable building is indispensable to that activity. * * * "

It is readily apparent that in the instant case, plaintiff urges a considerable extension of the rule announced in Kirschbaum. Here, plaintiff's decedent was not employed in any building in which goods were manufactured or pro-duced for interstate commerce. In the instant case it cannot be said that the heating plant at one of the several hospitals in the area must necessarily have been operated in order for various industrial concerns to continue their manufacturing operation.

Two cases involving maintenance employees were decided by the Supreme Court in 1945 on the same day. They are Borden Co. v. Borella, 325 U.S. 679, 65 S.Ct. 1223, 89 L.Ed. 1865, and 10 East 40th Street Building, Inc. v. Callus, 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806. Plaintiff relies upon the Borden case; defendant relies upon the 10 East 40th Street case.

In Borden, a large manufacturing concern owned and operated a 24-story office building in New York City. Borden, the owner, occupied 17 of the 24 floors and 58% of the rentable area. Borden had manufacturing plants throughout the United States and Canada. The Court said: " * * * The heart of this industrial empire, however, lies in the central office building in New York City. Here the entire enterprise is supervised, managed and controlled." [325 U.S. 679, 65 S.Ct. 1224.] The court held that porters, elevator operators and night watchmen were under the Act.

In 10 East 40th Street, the court considered the status of maintenance employees of a typical metropolitan office building operating as an independent enterprise. This building was occupied by a variety of tenants including some who were producers of goods for commerce. The opinion was written by Mr. Justice Frankfurter, who also wrote the opinion in Kirschbaum v. Walling, supra. The decisions in Borden Co. v. Borella and in Kirschbaum Company v. Walling were distinguished. The court held the maintenance employees did not have such a close and immediate tie with the process of production as to be deemed engaged in an occupation necessary to the production of goods for commerce within

[1]. Considered with Kirschbaum was Arsenal Building Corp. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.

the meaning of § 3(j) of the Fair Labor Standards Act and therefore were not covered by the Act. We think the duties of plaintiff's decedent were further removed from the production of goods for commerce than were the maintenance men in the 10 East 40th Street case.

The only reported case involving the employees of a hospital which has been called to our attention is Juarez v. Kennecott Copper Corporation, 10 Cir., 1955, 225 F.2d 100, 102. Kennecott was engaged in the mining and processing of copper ore from an open pit copper mine in Santa Rita, New Mexico. It also operated a smelter and refinery at Hurley, New Mexico, which combined operation was known as its Chino Mines Division. In connection with the operation at Santa Rita, Kennecott had for many years maintained a company-owned and operated hospital located at the rim of its open pit at Santa Rita. The plaintiffs in that case were employed in various capacities in connection with the operation of the hospital. The court observed that only 20% of the patients were employees, while 80% were members of employees' families or of the general public. The court held the employees of the hospital were not covered by the Act.

In Kennecott, the court referred to cases which were relied on by plaintiffs in that case and which were decided before the amendment of § 3(j) of the Act in 1949. The Court pointed out that by the amendment the word "necessary" was eliminated in favor of "directly essential" and the words "closely related" were added making the section read: " * * * in any closely related process or occupation directly essential to the production thereof * * * " We agree with the court's conclusion that Congress intended the amendment to restrict coverage from that indicated by some of the earlier court decisions.

We hold that plaintiff's decedent was not covered by the Fair Labor Standards Act, and the complaint and the cause were properly dismissed.

Affirmed.